IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-CT-3209-FL

| | | |
|---|---|---|
| JOSEPH MICHAEL GRIFFITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| CAPTAIN D. CLARK; OFFICER WHIDBEE; CAPTAIN CASTELLO; JOHN DOE; OFFICER RUSSELL; AND SERGEANT BOYD, | ) ) ) ) | |
| | ) | |
| Defendant. | ) | |

The matter is before the court on plaintiff's motion to deem requests for admissions admitted (DE 54), which was fully briefed. Also before the court are the motion for an extension of time to answer outstanding discovery (DE 56) and motion to stay discovery and for a protective order (DE 60) filed by defendants Demetrius Clark, Donald L. Whidbee, Tommy F. Castello, Reginald Russell, and Gail H. Boyd (collectively "defendants"). Plaintiff responded to defendants' motion for extension of time, but did not respond to defendant's motion for a protective order. The matters were fully briefed. In this posture, the issues raised are ripe for adjudication.

The court first addresses defendants' motion for a protective order and to stay discovery. Defendants request that the court stay discovery pending the resolution of the recently filed motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) raising the affirmative defense that plaintiff failed to exhaust his administrative remedies pursuant to 42 U.S.C. § 1997e(a) prior to filing this action.

A district court has the authority pursuant to Federal Rule of Civil Procedure 26(c) to establish limitations on discovery. Lone Star Steakhouse & Saloon, Inc. v. Alpha of Virginia, Inc., 43 F.3d 922, 929 (4th Cir. 1995); Erdmann v. Preferred Research, Inc. of Georgia, 852 F.2d 788, 792 (4th Cir. 1988); Yongo v. Nationwide Affinity Ins. Co. of America, No. 5:07-CV-94, 2008 WL 516744, at *2 (M.D.N.C. Feb. 25, 2008). The court may properly exercise its discretion pursuant to Rule 26(c) to issue a stay of discovery pending resolution of dispositive motions. Tilley v. United States, 270 F. Supp. 2d 731, 734 (M.D.N.C. 2003), aff'd, 85 F. App'x 333 (4th Cir. 2004), cert. denied, 543 U.S. 819 (2004); see, e.g., Thigpen v. United States, 800 F.2d 393, 396-97 (4th Cir. 1986) (endorsing the trial court's decision to stay discovery pending resolution of a Rule 12(b)(1) motion), overruled on other grounds by Sheridan v. United States, 487 U.S. 392 (1988).

Where good cause has been shown why discovery should be stayed pending decision on the motion for judgment on the pleadings, in the court's discretion, the motion to stay and for a protective order is ALLOWED. After decision on defendants' motion for judgment on the pleadings, should the case remain, the court will lift the stay, and establish new case deadlines, including for the conduct of discovery and the making of any dispositive motions.

The court now turns to plaintiff's motion requesting that the court order plaintiff's request for admissions to be deemed admitted and to defendants' request for an extension of time to respond to plaintiff's request for admissions. Federal Rule of Civil Procedure 36 governs requests for admissions. Rule 36 allows a party to "serve on any other party a written request to admit . . . the truth of any matters within the scope of Rule 26(b)(1) relating to [] facts, the application of law to fact, or opinions about either; and [] the genuineness of any described documents." Fed. R. Civ. P. 36(a). Given the potential of defendants' motion for judgment on the pleadings to fully dispose of

2

this case on a ground that is unrelated to plaintiff's request for admissions, the court finds it appropriate to stay the filing of defendants' response to plaintiff's request for admission until after it rules on defendants' motion for judgment on the pleadings. As stated supra, the court will establish new case deadlines should this action survive defendants' motion for judgment on the pleadings. Based upon the foregoing, plaintiff's motion to deem requests for admissions admitted is DENIED without prejudice, and defendants' motion for an extension of time to respond to plaintiff's request for admissions is GRANTED.

In summary, plaintiff's motion to deem requests for admissions admitted (DE 54) is DENIED without prejudice. Defendants' motion for extension of time (DE 56) and their motion to stay discovery and for a protective order (DE 60) are GRANTED.

SO ORDERED, this the 31st day of May, 2013.

_____
LOUISE W. FLANAGAN
United States District Judge