IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-CT-3209-FL

| | | |
|---|---|---|
| JOSEPH MICHAEL GRIFFITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| CAPTAIN D. CLARK, OFFICER WHIDPEE, CAPTAIN CASTELLO, JOHN DOE, OFFICER RUSSELL, and SERGEANT BOYD, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

This matter comes before the court on the motion for judgment on the pleadings (DE 58) pursuant to Federal Rule of Civil Procedure Rule 12(c) filed by defendants Demetrius Clark ("Clark"), Donald L. Whidbee ("Whidbee"), Tommy F. Castello ("Castello"), Reginald Russell ("Russell"), and Gail H. Boyd ("Boyd"). Also before the court is plaintiff's motion to strike (DE 68). Both motions were fully briefed. In this posture, the issues raised are ripe for adjudication. For the foregoing reasons, the court denies both motions.

**STATEMENT OF THE CASE**

On October 17, 2011, plaintiff brought this action pursuant to 42 U.S.C. § 1983 against defendants asserting that defendants violated his rights pursuant to the Eighth Amendment to the United States Constitution because defendants interfered with his ability to receive his special diet food tray. In particular, plaintiff states that defendants directed that he remain seated at meal time while awaiting his special diet tray. Plaintiff states that he could not comply with defendants'

direction due to a medical condition and was forced to leave the dining hall without eating.

On May 10, 2013, defendants filed a motion for judgment on the pleadings pursuant to Rule 12(c), arguing that plaintiff's claim should be dismissed because he failed to exhaust his administrative remedies before filing this action. Plaintiff responded to defendants' motion and subsequently filed a motion to strike.

## DISCUSSION

A.      Motion to Strike

Plaintiff requests that the court strike exhibit B attached to defendants' motion for judgment on the pleadings because it contains confidential grievances pursuant to N.C. Gen. Stat. § 148-118.5.[1] Federal Rule of Civil Procedure 12(f) states that the court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The purpose of the motion to strike is to avoid the waste of time and money that arises from litigating unnecessary issues. . . . The district court possesses considerable discretion in disposing of a Rule 12(f) motion to strike." Godfredson v. JBC Legal Group, P.C., 387 F. Supp.2d 543, 547 (E.D.N.C. 2005) (internal citations and quotation marks omitted). However, motions to strike are "generally viewed with disfavor because striking a portion of a pleading is a drastic remedy." Waste Management Holdings, Inc. v. Gilmore, 252 F.3d 316, 347 (4th Cir. 2001) (internal

---

[1] Section 148-118.5 provides:
> All reports, investigations, and like supporting documents prepared by the Division [of Prisons] for purposes of responding to the prisoner's request for an administrative remedy shall be deemed to be confidential. All formal written responses to the prisoner's request shall be furnished to the prisoner as a matter of course as required by the procedure. The Grievance Resolution Board shall have access to all relevant records developed by the Division of Adult Correction of the Department of Public Safety.

N.C. Gen. Stat. § 148-118.5.

quotation marks omitted). Therefore, "motions to strike are rather strictly considered and have often been denied even when literally within the provisions of Rule 12(f) where there is no showing of prejudicial harm to the moving party." Godfredson, 387 F. Supp.2d at 547-48.

Here, plaintiff failed to show any prejudice from the disclosure of the written copies of his inmate grievances. Thus, plaintiff's motion is DENIED.

B.  Motion for Judgment on the Pleadings

1.  Standard of Review

Rule 12(c) allows a party to move for judgment on the pleadings, "after the pleadings are closed–but early enough not to delay trial. . . ." Fed. R. Civ. P 12(c). In reviewing a motion for judgment on the pleadings, the court applies "the same standard" as for motions made pursuant to Rule 12(b)(6). Burbach Broad Co. v. Elkins Radio Corp., 278 F.3d 401, 406 (4th Cir. 2002). Thus, when a party moves for judgment on the pleadings pursuant to Rule 12(c), the factual allegations of the complaint are taken as true, whereas those of the answer are taken as true only to the extent that they have not been denied or do not conflict with those in the complaint. Pledger v. North Carolina Dep't of Health and Human Services, 7 F. Supp. 2d 705, 707 (E.D.N.C. 1998). A federal district court considering a motion to dismiss for failure to state a claim must view the allegations of the claim in the light most favorable to the non-moving party. See Ibarra v. United States, 120 F.3d 472, 474 (4th Cir. 1997). To survive a motion to dismiss, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Igbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

2.  Analysis

Title 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act ("PLRA") requires a prisoner

to exhaust his administrative remedies before filing an action under 42 U.S.C. § 1983 concerning his confinement. Woodford v. Ngo, 548 U.S. 81, 83-85 (2006); see Jones v. Bock, 549 U.S. 199, 217 (2007) ("failure to exhaust is an affirmative defense under [42 U.S.C. § 1997e]"); Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 683 (4th Cir. 2005). The PLRA states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see Woodford, 548 U.S. at 84. Exhaustion is mandatory. Woodford, 548 U.S. at 85; Porter v. Nussle, 534 U.S. 516, 524 (2002) ("Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory."); Anderson, 407 F.3d at 677. A prisoner must exhaust his administrative remedies even if the relief requested is not available under the administrative process. Booth v. Churner, 532 U.S. 731, 741 (2001). "[U]nexhausted claims cannot be brought in court." Jones, 549 U.S. at 211.

Defendants concede that plaintiff completed the administrative remedy process for grievance number 4880-Blue-0030, but argue that plaintiff did not grieve the discrete conduct complained of in this action. See Answ. Ex. A. Specifically, defendants assert that plaintiff's complaint alleges that defendants ordered him to leave the dining hall because he refused to remain seated while awaiting his meal tray, whereas, grievance number 4880-Blue-0030 merely states that he was given a choice to either sit, while waiting for his tray, or return to his cell.

One of the main purposes of a prison grievance system is to allow administrators a fair opportunity to address the problem that will later form the basis of suit. Jones, 549 U.S. at 219; Johnson v. Johnson, 385 F.3d 503, 522 (5th Cir. 2004); Moore, 517 F.3d at 729. To accomplish this goal, an inmate is required to allege conduct that will later be challenged in the civil lawsuit. See Moore, 517 F.3d at 729. The court finds that the allegations in grievance number 4880-Blue-0030

provide defendants with adequate notice of plaintiff's claim. Thus, the court finds that grievance number 4880-Blue-0030 adequately addresses the subject matter of the instant action.

Defendants next assert that grievance number 4880-Blue-0030 only satisfies § 1997e(a)'s exhaustion requirement as to defendant Clark because he is the only defendant named in the grievance. However, the DPS administrative remedy procedure does not require a plaintiff to name each defendant in his grievances. See Moore, 517 F.3d at 726; cf. Jones, 549 U.S. at 219 ("[E]xhaustion is not per se inadequate simply because an individual later sued was not named in the grievance.") Rather, the North Carolina Department of Correction Administrative Remedy Procedure requires that a prisoner submit a "Grievance Statement" and the desired remedy on a Form DC-410. See NCDOC ARP § .0310(a); Moore, 517 F.3d at 725. Based upon the foregoing, the court finds that the record reflects that plaintiff complied with § 1997e(a)'s exhaustion requirement for the instant claim. Thus, defendants' motion to dismiss is DENIED.

## CONCLUSION

For the foregoing reasons, the court DENIES defendants' motion for judgment on the pleadings (DE 58) and plaintiff's motion to strike (DE 68). The Clerk of Court is DIRECTED to issue a case management order.

SO ORDERED, this the 12th day of November, 2013.

_____
LOUISE W. FLANAGAN
United States District Judge