IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-CT-3209-FL

| | |
|---|---|
| JOSEPH MICHAEL GRIFFITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| DEMETRIUS CLARK, JOHN DOE, ) | |
| DONALD L. WHIDBEE, TOMMY F. ) | |
| CASTELLO, REGINALD RUSSELL, ) | |
| and GAIL H. BOYD, ) | |
| ) | |
| Defendants. ) | |

This matter comes before the court on the motion for reconsideration (DE 73) and motion for a protective order (DE 74) filed by defendants Demetrius Clark ("Clark"), Donald L. Whidbee ("Whidbee"),[1] Tommy F. Castello ("Castello"), Reginald Russell ("Russell"), and Gail H. Boyd ("Boyd"). Both motions were fully briefed. Also before the court are plaintiff's unopposed motion to appoint counsel (DE 76) and motion for a preliminary injunction (DE 77). In this posture, the issues raised are ripe for adjudication. For the following reasons, the court grants in part and denies in part defendants' motion for reconsideration, denies plaintiff's motions, and denies as moot defendants' motion for a protective order.

---

[1] Defendant Donald L. Whidbee has indicated that plaintiff improperly referred to him as Officer Whipdee. The court hereinafter will refer to this defendant as Donald L. Whidbee and the Clerk of Court is DIRECTED to amend the caption in this action to reflect this change.

**STATEMENT OF THE CASE**

On October 17, 2011, plaintiff brought this action pursuant to 42 U.S.C. § 1983 against defendants asserting Eighth Amendment violations based on the interference of defendants Clark, Whidbee, Russell, Boyd, and John Doe with plaintiff's ability to receive his special diet food tray. In particular, plaintiff states that these defendants directed that he remain seated at meal time while awaiting his special diet tray. Plaintiff states that he could not comply with defendants' direction due to a medical condition and was forced to leave the dining hall without eating. Plaintiff also alleges that Castello confiscated his date book and that Boyd denied plaintiff four meals because plaintiff shared food with other inmates.

On May 10, 2013, defendants filed a motion for judgment on the pleadings pursuant to Rule 12(c), arguing that plaintiff's claim should be dismissed because he failed to exhaust his administrative remedies before filing this action. The motion was fully briefed. On November 12, 2013, the court entered an order denying defendants' motion.

On November 20, 2013, defendants filed a motion for reconsideration and a motion for a protective order, which were fully briefed. Plaintiff also filed a motion to appoint counsel and a motion for a preliminary injunction.

**DISCUSSION**

A.  Motion to Appoint Counsel

The court first addresses plaintiff's motion to appoint counsel. In his motion to appoint counsel, plaintiff requests counsel to assist him with litigating this action. There is no constitutional right to counsel in civil cases, and courts should exercise their discretion to appoint counsel for *pro se* civil litigants "only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975).

The existence of exceptional circumstances justifying appointment of counsel depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989) (quoting Branch v. Cole, 686 F.2d 264 (5th Cir. 1982)); see also Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978) ("If it is apparent . . . that a pro se litigant has a colorable claim but lacks capacity to present it, the district court should appoint counsel to assist him.").

Plaintiff has demonstrated through the detail of his filings that he is capable of proceeding *pro se*. Additionally, plaintiff's claim is not complex and is not one in which exceptional circumstances merit appointment of counsel. Therefore, plaintiff's motion to appoint counsel is DENIED.

B.   Motion for a Preliminary Injunction

Plaintiff requests that the court order North Carolina Department of Public Safety ("DPS") officials to return plaintiff's stored legal documents. The United States Supreme Court has stated that the movant must establish the following to obtain a temporary restraining order or a preliminary injunction: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008).

Plaintiff failed to demonstrated that he likely is to succeed on the merits, and has not alleged facts necessary to demonstrate that he likely would suffer irreparable harm if his motion is not granted. More specifically, there is no evidence that plaintiff's lack of access to his legal materials

has hindered his litigation in this action. Further, the public interest is best served if courts do not get involved with the daily operations of a prison, especially prior to the finding of a constitutional violation. See Florence v. Board of Chosen Freeholders of County of Burlington, __U.S.__, 132 S.Ct. 1510, 1517 (2012). Accordingly, plaintiff has not demonstrated that his request for a preliminary injunction is in the public interest, and the balance of equities is in favor of defendants. Thus, the court concludes that plaintiff's motion is DENIED.

C. Motion for Reconsideration

Defendants move the court to reconsider, in part, its denial of their motion for judgment on the pleadings. Defendants Castillo, Boyd, and Whidbee argue that the court should reconsider its denial of their motion for judgment on the pleadings because plaintiff failed to timely exhaust his administrative remedies for his claims against these defendants. Additionally, defendants Clark, Whidbee, and Russell argue that the court should reconsider its denial of their motion for judgment on the pleadings as to all of plaintiff's claims arising post-February 11, 2013, the date of the incident discussed in plaintiff's exhausted grievance. The court now considers each of defendants' arguments in turn.

Pursuant to Rule 54(b), in the absence of an express order directing final judgment as to certain claims or parties:

> [A]ny order or other decision, however designated, that adjudicates fewer than all of the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). Under this rule, "a district court retains the power to reconsider and modify its interlocutory judgments, including partial summary judgments, at any time prior to final

4

judgment when such is warranted." Am. Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 514-515 (4th Cir. 2003) (citing Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1462, 1469 (4th Cir. 1991)).

"Motions for reconsideration of interlocutory orders are not subject to the strict standards applicable to motions for reconsideration of a final judgment." Id. at 514. Rather, the resolution of such motion is "committed to the discretion of the district court." Id. at 515. As a means of guiding that discretion, courts have looked to "doctrines such as law of the case," under which a prior dispositive order must be followed unless "(1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made contrary decision of law applicable to the issue, or (3) the prior decision was clearly erroneous and would work manifest injustice." Id. (quoting Sejman v. Warner-Lambert Co., Inc., 845 F.2d 66, 69 (4th Cir. 1988)).

### 1. Castillo and Boyd

Defendants Castillo and Boyd requests that the court reconsider its finding that plaintiff exhausted his administrative remedies as to plaintiff's following two claims: (1) Castillo confiscated plaintiff's date book; and (2) Boyd denied plaintiff four meals after plaintiff was caught sharing food with other inmates. Title 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act ("PLRA") requires a prisoner to exhaust his administrative remedies before filing an action under 42 U.S.C. § 1983 concerning his confinement. Woodford v. Ngo, 548 U.S. 81, 83-85 (2006); see Jones v. Bock, 549 U.S. 199, 217 (2007) ("failure to exhaust is an affirmative defense under [42 U.S.C. § 1997e]"); Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 683 (4th Cir. 2005). The PLRA states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner . . . until such administrative remedies as are

5

available are exhausted." 42 U.S.C. § 1997e(a); see Woodford, 548 U.S. at 84. Exhaustion is mandatory. Woodford, 548 U.S. at 85; Porter v. Nussle, 534 U.S. 516, 524 (2002) ("Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory."); Anderson, 407 F.3d at 677. A prisoner must exhaust his administrative remedies even if the relief requested is not available under the administrative process. Booth v. Churner, 532 U.S. 731, 741 (2001). "[U]nexhausted claims cannot be brought in court." Jones, 549 U.S. at 211.

Beginning with Boyd's motion for reconsideration, Boyd argues that plaintiff failed to file any grievance relating to being penalized for sharing food with other inmates. The record reflects that plaintiff filed two pertinent grievances, grievance No. 0187 and grievance No. 0030. (Def.s' Mot. JOP Ex. B.) Neither grievance mentions that Boyd denied plaintiff meals for sharing food. Thus, the court DISMISSES plaintiff's claim regarding sharing food against Boyd without prejudice for failure to exhaust administrative remedies. Because plaintiff also alleges that Boyd was involved with his missed meal claims, Boyd remains a defendant in this action.

The court now determines whether plaintiff timely exhausted his administrative remedies for his claim that Castillo confiscated his date book. Plaintiff first raised this claim when he filed grievance No. 0187. See (Answ. Ex. A.) However, grievance No. 0187 was pending at the time plaintiff filed this action. See (id.) Exhaustion of administrative remedies during the course of litigation is insufficient to prevent dismissal. See Hayes v. Stanley, No. 06-6475, 2006 WL 3147498, at *1 n.1 (4th Cir. Oct. 31, 2006) (per curiam). Thus, the court DISMISSES this claim for failure to exhaust administrative remedies. Because this is plaintiff's sole claim against Castillo, Castillo is DISMISSED from this action.

2. Whidbee

Whidbee argues that plaintiff failed to timely grieve his missed meal claim against Whidbee because plaintiff did not mention Whidbee in connection to his missed meal claims until he filed grievance No. 0187, which was not exhausted prior to the commencement of this action. As stated, plaintiff properly grieved his missed meal claim in grievance No. 0030. See (Def.s' Mot. JOP Ex. B.) The only difference between grievance No. 0030 and grievance No. 0187 is that Whidbee is named in grievance No. 0187, but not No. 0030. As discussed in this court's May 31, 2013, order, plaintiff's failure to name Whidbee in grievance No. 0030 does not preclude a finding of exhaustion as to Whidbee. See Moore v. Bennette, 517 F.3d 717, 726 (4th Cir. 2008); NCDOC ARP § .0310(a); cf. Jones, 549 U.S. at 219 ("[E]xhaustion is not per se inadequate simply because an individual later sued was not named in the grievance."). Rather, all that is required is that the grievance allow administrators a fair opportunity to address the problem that will later form the basis of suit. Jones, 549 U.S. at 219; Johnson v. Johnson, 385 F.3d 503, 522 (5th Cir. 2004); Moore, 517 F.3d at 729.

Here, the court finds that grievance No. 0030 provided DPS administrators a fair opportunity to address the problem of requiring plaintiff to sit while waiting for his meals, despite his alleged medical condition. Accordingly, the court finds that there is sufficient evidence in the record for a finding that plaintiff exhausted his administrative remedies for his claims against Whidpee. Thus, Whidbee's motion to reconsider this claim is DENIED.

### 3. Post-February 13, 2011, Conduct

Defendants request that the court bar all of plaintiff's missed meal claims which arose subsequent to his filing of grievance No. 0030 on February 13, 2011. Defendants have not pointed to anything in the DPS's grievance procedures which require an inmate to file a new grievance addressing each subsequent act by a prison official which contributes to the continuation of a problem raised in an earlier grievance. See Moore, 517 F.3d at 729; Parzyck v. Prison Health Servs., Inc., 627 F.3d 1215, 1219 (11th Cir. 2010) ("Nothing in the [state] grievance procedures require inmates to file new grievances addressing every subsequent act by a prison official that contributes to the continuation of a problem already raised in an earlier grievance."); Johnson, 385 F.3d at 521 ("As a practical matter, [plaintiff] could not have been expected to file a new grievance ... each time he was assaulted.... [Plaintiff's] grievances were sufficient to exhaust claims that arose from the same continuing failure to protect him from sexual assault.") Moreover, plaintiff indicates in grievance No. 0030 that the missed meal issue is ongoing in that he states he missed four additional meals the week of February 13, 2011.[2] (Def.s' Mot. JOP Ex. B.) Based upon the foregoing, the court DENIES defendants' motion for reconsideration as to plaintiff's missed meal claims which arose subsequent to his filing of grievance No. 0030 on February 13, 2011.

---

[2] The court notes that the language of grievance No. 0187, also indicates an ongoing problem in that it states that "[t]his Grievance is not about more than one incident. This grievance is about a pattern of abuse at the hands of Lt. D. Clark [] and officer Whid[b]ee and Sgt. Boyd and other staff. I have been denied over 67 meals since I came to this institution . . . ." Id. Accordingly, as stated by plaintiff, grievance No. 0030 complained about an continuing recurring pattern of conduct involving plaintiff's inability to comply with the prison's policy to remain seated while waiting for meals.

8

Case 5:11-ct-03209-FL   Document 81   Filed 04/08/14   Page 8 of 9

## CONCLUSION

For the foregoing reasons, the court rules as follows:

(1) The court DENIES plaintiff's motion to appoint counsel (DE 76).

(2) The court DENIES plaintiff's motion for a preliminary injunction (DE 77).

(3) The court GRANTS in part and DENIES in part defendants' motion for reconsideration (DE 73). The court GRANTS defendants' motion as to defendants Castillo and Boyd and now finds that plaintiff's claims against these defendants are DISMISSED without prejudice for failure to exhaust administrative remedies. The remainder of defendants' motion is DENIED. Finally, Castillo no longer is an active defendant in this action.

(4) Because the court has ruled upon defendants' motion for reconsideration, defendants' motion for a protective order holding discovery in abeyance until after the court's ruling on defendants' motion for reconsideration (DE 74) is DENIED as moot.

(5) The Clerk of Court is DIRECTED to amend the caption to reflect that the defendant previously referred to as Officer Whidpee is Donald L. Whidbee.

(6) The Clerk of Court is DIRECTED to issue a case management order.

SO ORDERED, this the 8th day of April, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge