IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-CT-3209-FL

| | | |
|---|---|---|
| JOSEPH MICHAEL GRIFFITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| CAPTAIN D. CLARK, OFFICER WHIDBEE, OFFICER RUSSELL, and SERGEANT BOYD, | ) ) ) | |
| | ) | |
| Defendants.[1] | ) | |

The matter comes now before the court upon plaintiff's motion to withdraw his motion to amend complaint (DE 92), where it is submitted certain errors were made by plaintiff, proceeding *pro se*, in that filing of May 30, 2014, and, in light of defendants' opposition to the proposed amendment July 9, 2014, he would seek to clarify further the scope of the amendments sought. While defendants have not yet had opportunity to respond to that motion filed July 21, 2014,[2] in the interest of the just, efficient, and inexpensive determination of the action, where said motion seeks to meet the tenor of defendants' stated opposition to amendment, the court will take up this motion now, and, necessarily, the other, pending motions in the case (DE 84, 87, 89).

---

[1] The court has amended the case caption of its own initiative here, to reflect that Captain Castello no longer is a defendant in the action, as of April 8, 2014.

[2] Plaintiff was directed to correct deficiency in the document where the signature appearing is not original in order of the magistrate judge entered July 21, 2014.

DISCUSSION

Where the court's case management order provided that any motion to amend must be filed by June 9, 2014, no prejudice will result if plaintiff is permitted to withdraw the instant motion and supplant it with another motion to amend with proposed amended complaint and supporting memorandum of law within 21 days. As such, the motion (DE 92) is ALLOWED. The motion to amend now withdrawn (DE 84) is, therefore, DISMISSED as MOOT.

There is also before the court plaintiff's second motion to compel discovery (DE 87), and defendants' request, sounding in response thereto for protective order (DE 89). In their motion filed July 10, 2014, defendants seek to be relieved of any obligation in discovery until the court rules on plaintiff's motion to amend (DE 84), now made moot.

Like plaintiff's motion to withdraw, defendants' motion for protective order technically is not yet ripe for ruling. However, where it sounds in response to plaintiff's motion to compel, again in the interest of the just, efficient, and inexpensive determination of the action, the court will take up this motion now.

Good cause having been shown for entry of such an order, and for reasons therein presented, defendants' motion (DE 89) is ALLOWED. Plaintiff's corresponding motion to compel (DE 87) therefore is DENIED.

The court calls a halt to discovery now, pending filing of anticipated motion to amend by plaintiff, to which defendants will have opportunity to respond, and plaintiff to reply, if necessary. Upon decision on the motion, the court will revisit the case schedule and set new deadlines for discovery and dispositive motions.

CONCLUSION

For reasons herein stated:

1. Plaintiff's motion to withdraw motion to amend complaint (DE 92) is ALLOWED;

2. The motion to amend now withdrawn (DE 84) is DISMISSED as MOOT;

3. Plaintiff's second motion to compel discovery (DE 87) is DENIED;

4. Defendants' motion for protective order (DE 89) is ALLOWED;

5. Plaintiff shall have 21 DAYS TO FILE ANTICIPATED MOTION TO AMEND and supporting documentation; and

6. Upon decision on that motion, the court also will REVIEW the case schedule and SET NEW deadlines for discovery and dispositive motions by order.

SO ORDERED, this the 23rd day of July, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge