IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-CT-3209-FL

| | | |
|---|---|---|
| JOSEPH MICHAEL GRIFFITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| DEMETRIUS CLARK, JOHN DOE, | ) | |
| DONALD L. WHIDBEE, REGINALD | ) | |
| RUSSELL, and GAIL H. BOYD, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter comes before the court on plaintiff's unopposed motion for a more definite statement (DE 106), motion to strike (DE 107), and third motion to compel discovery (DE 109). The issues raised were fully briefed and are ripe for adjudication.

The court begins with plaintiff's motion for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e). Rule 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." A party may not file a responsive pleading to an answer unless ordered by the court. The court has not ordered that plaintiff respond to defendants' answer. Thus, plaintiff's motion for a more definite statement is DENIED.

The court now turns to plaintiff's motion to strike pursuant to Federal Rule of Civil Procedure 12(f)(2). Plaintiff requests that the court strike defendants' reference to plaintiff's convictions, sentence, and housing assignment in defendants' answer to plaintiff's amended

complaint. In support, plaintiff contends that defendants included this information in their answer in bad faith and that the information is prejudicial to plaintiff.

Rule 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The purpose of the motion to strike is to avoid the waste of time and money that arises from litigating unnecessary issues. . . . The district court possesses considerable discretion in disposing of a Rule 12(f) motion to strike." Godfredson v. JBC Legal Group, P.C., 387 F. Supp.2d 543, 547 (E.D.N.C. 2005) (internal citations and quotation marks omitted).

Here, most of the contested information is public record. Plaintiff further failed to establish prejudice sufficient to warrant the court striking the disputed information from defendants' answer. Thus, plaintiff's motion is DENIED.

Finally, the court turns to plaintiff's motion to compel discovery. Defendants have not responded to plaintiff's motion. Accordingly, the court ALLOWS defendants fourteen (14) days to respond to plaintiff's motion to compel.

In summary, the court DENIES plaintiff's motion for a more definite statement (DE 106) and motion to strike (DE 107). Regarding plaintiff's motion to compel (DE 109), the court DIRECTS defendants to respond to plaintiff's motion within fourteen (14) days of this court's order.

SO ORDERED, this the 9th day of December, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge