IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-CT-3209-FL

| | |
|---|---|
| JOSEPH MICHAEL GRIFFITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| CAPTAIN D. CLARK, DONALD L. ) | |
| WHIDBEE, JOHN DOE, OFFICER ) | |
| RUSSELL, SERGEANT BOYD, ) | |
| CAPTAIN TOMMY CASTELLO, and ) | |
| LIEUTENANT DELOACH, ) | |
| ) | |
| Defendants. ) | |

The matter is before the court on plaintiff's third and fourth motions to compel discovery (DE 109, 116). Defendants responded to plaintiff's motions to compel. Also before the court is defendants' unopposed motion for extension of time and to reset the case management order (DE 120). In this posture, the issues raised are ripe for adjudication.

The court begins with plaintiff's motion to compel discovery. The record reflects that plaintiff made several discovery requests to defendants, many of which pre-dated the court's October 7, 2014, case management order. Plaintiff's discovery requests additionally pre-date the resolution of issues related to the amended complaint, as well as, the addition of new claims and parties. As a result, defendants contend that it is difficult to discern what discovery plaintiff deems outstanding and subject to response, particularly in light of the fact that plaintiff has withdrawn some of his prior discovery requests. Defendants have asked plaintiff to serve them with an updated discovery request to clarify the discovery materials plaintiff seeks, but plaintiff failed to respond.

Based upon the foregoing, the court DENIES plaintiff's motions to compel at this time to allow plaintiff the opportunity to specifically request the discovery materials he seeks from defendants. See Fed. R. Civ. P. 37(a)(1) (stating that a motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action").

The court now turns to defendants' motion for an extension of time and to reset the court's case management order, which currently provides a December 24, 2014, discovery deadline and a January 24, 2015, dispositive motion deadline. As grounds for the extension of time, defendants assert that discovery issues remain pending and new parties recently have been served. For good cause shown, defendants' motion is GRANTED. See Fed. R. Civ. P. 6(b).

In summary, plaintiff's motions to compel (DE 109, 116) are DENIED without prejudice. Defendants' motion for an extension of time (DE 120) is GRANTED. The discovery deadline now is March 8, 2015, and the dispositive motions deadline is April 22, 2015.

SO ORDERED, this the 8th day of January, 2015.

LOUISE W. FLANAGAN
United States District Judge